

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 9, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
104 L.B.J. State Office Building
Austin, Texas   78711

Opinion No. H- 894

Re:  Tax exemption for
surviving spouses and
children of disabled
veterans.

Dear Mr. Bullock:

You have requested our opinion concerning the proper
construction of sections 8 and 9 of article 7150h, V.T.C.S.,
relating to tax exemptions for surviving spouses and children
of deceased disabled veterans.  Article 7150h was passed by
the Legislature pursuant to article 8, section 2(b) of the
Texas Constitution, and grants to disabled veterans with
service connected disabilities an exemption from all property
taxes of up to $3,000 of the assessed value of their property.
Additionally, Section 8 of article 7150h provides:

> The surviving spouse of a deceased
> disabled veteran, who at the time of his
> death was entitled to an exemption under
> Section 3 of this Act, is entitled to
> an exemption equal to the amount the
> deceased disabled veteran was entitled
> to receive at the time of his death, if
> the surviving spouse is unmarried.

The amount of the exemption to which a deceased disabled
veteran was entitled to receive at the time of his death
depends on the extent of his disability.  Section 9 provides
in part:

(a) This section applies only if there is no person receiving an exemption under Section 8 of this Act.

(b) Each qualified child of a deceased disabled veteran who was entitled to an exemtion under Section 3 of this Act at the time of his death is entitled to an exemption from property taxes in an amount determined under Subsection (c) of this section.

(c) The amount of the exemption allowable under Subsection (b) of this section is determined by dividing the amount of the exemption to which the deceased disabled veteran was entitled at the time of his death by the number of qualified children.

. . .

You ask whether sections 8 and 9 grant an exemption only to survivors of those deceased disabled veterans who were actually eligible to receive an exemption at the time of their death, or if those sections should be read to provide an exemption also to survivors of those disabled veterans who died prior to the enactment of article 7150h.

If the language "an exemption equal to the amount the deceased disabled veteran was entitled to receive at the time of his death" is construed to mean that the veteran must have been legally entitled to the exemption when he died, the relief afforded by sections 8 and 9 would go only to survivors of those disabled veterans dying after January 1, 1976. This was clearly not the intention of the Legislature. Section 1 of article 7150h exempts from all property taxes

> the value of assessed property owned by a disabled veteran <u>or</u> <u>by</u> <u>the</u> <u>surviving</u> <u>spouse</u> <u>or</u> <u>children</u> <u>of</u> <u>a</u> <u>deceased</u> <u>veteran</u> <u>in</u> <u>the</u> <u>amounts</u> <u>provided</u> <u>in</u> <u>this</u> <u>Act.</u>
> (Emphasis added).

To restrict the statutory exemption of sections 8 and 9 only to survivors of those disabled veterans who have died since January 1, 1976, would give sections 8 and 9 negligible immediate effect, and would render the benefits of article 7150h meaningless to the many survivors of disabled veterans

who died before January 1, 1976.  We find it inconceivable that the Legislature intended such a negligible immediate application of article 7150h to the survivors of disabled veterans.  We believe it sufficiently clear that the Legislature did not intend that result, but merely intended sections 8 and 9 to require the amount of exemption to which a surviving spouse or child is entitled to be determined by the percentage of service connected disability suffered by the deceased at the time of death.

### S U M M A R Y

The grant to the surviving spouse and children of a deceased disabled veteran of an exemption from all property taxes in an amount equal to that the deceased disabled veteran was entitled to receive at the time of his death applies both to survivors of those disabled veterans who died before the effective date of article 7150h, V.T.C.S., and to survivors of those disabled veterans who died thereafter. Sections 8 and 9 of article 7150h, V.T.C.S., require that the amount of the exemption be determined by the percentage of service connected disability suffered by the deceased at the time of death.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb                    p. 3764